JOSEPH H. HUNT
Assistant Attorney General
DAVID M. MORRELL
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
MEREDITH B. HEALY
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
450 5th Street, NW
Washington, D.C. 20530
Telephone: (202) 532-4883
Facsimile: (202) 514-8742

Counsel for the United States of America

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN GATE SOY PRODUCTS, INC., a corporation; YONG LI CHEN, an individual; and LING HONG TANG, an individual,<br><br>Defendants. | **COMPLAINT FOR PERMANENT INJUNCTION** |

The United States of America, Plaintiff, by and through its undersigned attorneys, respectfully represents as follows:

**INTRODUCTION**

1. The United States of America brings this action on behalf of the United States Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. § 332(a), to permanently enjoin and restrain Golden Gate Soy Products, Inc. ("Golden Gate Soy"), Yong Li Chen, and Ling Hong Tang (collectively, "Defendants"), from violating 21 U.S.C. § 331(k), by causing food to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), while such

Complaint for Permanent Injunction

1

food is held for sale after shipment of one or more of its components in interstate commerce.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 21 U.S.C. § 332(a) and 28 U.S.C. §§ 1331, 1337, and 1345, and personal jurisdiction over all parties.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c).

**INTRADISTRICT ASSIGNMENT**

4. The conduct at issue in this action took place in substantial part in San Francisco County.

**DEFENDANTS**

5. Defendant Golden Gate Soy Products, Inc., is a California corporation with its headquarters at 1265 Griffith Street, San Francisco, California 94124-3408. The company manufactures and distributes a variety of tofu and other soy-based products, such as marinated bean cake, soy milk, and tofu pudding. The company was incorporated on or about May 16, 2016. Its current owners are Defendant Yong Li Chen, Defendant Ling Hong Tang, and three other individuals who reside in China.

6. Defendant Yong Li Chen is a co-owner, as well as the Chief Executive Officer and President, of Golden Gate Soy. She resides part-time in China and part-time in California. When in China, she oversees Golden Gate Soy's acquisition of equipment, packaging, labels, and suppliers. When in California, she handles sales and works on the production floor at Golden Gate Soy. Defendant Chen also has authority to hire and fire employees and make purchases, and is involved in making decisions regarding corrective actions in production.

7. Defendant Ling Hong Tang is a co-owner and the Chief Financial Officer of Golden Gate Soy. She is present at the firm every day. Her responsibilities include monitoring production and sanitation, coordinating production operations, overseeing production scheduling, planning, and purchasing, and handling accounting and administrative duties. Defendant Tang also has authority to hire and fire employees and make purchases, and she approves all large purchases. She also oversees the pest control services, worked with the manufacturers of the company's new automated equipment to

ensure it was working properly before it was used, and purchases all raw and packaging materials.

## LISTERIA MONOCYTOGENES

8. *Listeria monocytogenes* ("*L. mono*") is common in soil and moist environments. If cleaning and sanitizing in a food manufacturing facility is inadequate, *L. mono* can colonize the facility. When colonization occurs, normal processing activities may result in food becoming contaminated with *L. mono* from the environment. Unlike many other food-borne microbes, *L. mono* bacteria can adapt and grow at refrigerated temperatures. Consequently, *L. mono* is a significant public health risk in ready-to-eat foods, such as Defendants' tofu and other soy-based products, and difficult to eliminate once present.

9. *L. mono* can cause adverse health effects in consumers, such as listerial gastroenteritis, or a more serious condition known as invasive listeriosis. While *L. mono* infects a comparatively small number of people each year, the life-threatening effects of an *L. mono* infection make it one of the leading causes of death from foodborne illness, with an approximately 20 percent fatality rate.

10. Populations with impaired or weaker immune systems, including pregnant women, infants, the elderly, persons with AIDS, and persons taking certain immunosuppressive medications, face the greatest risk when eating food contaminated with *L. mono*. In pregnant women, an *L. mono* infection can cause miscarriage, fetal death, or severe illness or death in a newborn infant. In older susceptible children and adults, infection often has an impact on the central nervous system and blood stream. *L. mono* infection may also lead to meningitis, septicemia, endocarditis, and pneumonia.

## DEFENDANTS' VIOLATIONS

11. Defendants violate 21 U.S.C. § 331(k) by causing food held for sale after shipment of one or more components in interstate commerce to become adulterated within the meaning of 21 U.S.C. § 342(a)(4).

12. Defendants' tofu and other soy-based products are food within the meaning of 21 U.S.C. § 321(f).

13. Defendants receive soybeans—the main raw ingredient in their tofu and soy-based products—from a supplier located in Missouri.

Complaint for Permanent Injunction

3

14. Food manufactured by Defendants is adulterated within the meaning of 21 U.S.C. § 342(a)(4), in that it has been prepared, packed, and held under insanitary conditions whereby it may have become contaminated with filth. The insanitary conditions include the prolonged presence of *L. mono* at Defendants' facility, persistent pest infestation, and dirty food processing equipment.

## FDA INSPECTIONS

15. FDA's San Francisco District Office has inspected Defendants' facility three (3) times since 2017, most recently in February 2019. FDA laboratory analyses of samples collected during these inspections revealed the presence of *L. mono* in the facility. These inspections have also established that Defendants have an extensive history of operating under insanitary conditions and continue to violate the Act.

### February 2019 Inspection

16. FDA conducted its most recent inspection of the facility on February 6-8, 12, and 19, 2019, as a follow-up inspection to previous inspections (described below) finding insanitary conditions. During the inspection, FDA investigators observed numerous insanitary conditions including, but not limited to, the following:

    (a) Defendants do not have a written food safety plan with each element required by law. *See* 21 C.F.R. § 117.126.

    (b) Defendants do not conduct their operations under conditions and controls necessary to minimize the potential for food contamination. *See* 21 C.F.R. § 117.80(c). FDA investigators observed, among other things, condensate dripping from pipes in the production area and in a doorway through which uncovered food is moved, food and equipment coming into contact with dirty surfaces, and employees using equipment that had not been cleaned or sanitized.

    (c) Defendants do not clean or sanitize utensils or equipment as frequently as necessary to protect against food contamination. *See* 21 C.F.R. § 117.35(d). FDA investigators observed, among other things, the use of equipment that had food residue on it.

    (d) Defendants do not clean or sanitize utensils or equipment in a manner that protects against contamination. *See* 21 C.F.R. § 117.35(a). FDA investigators observed, among other

Complaint for Permanent Injunction

4

1  things, an employee clean a floor with a high-pressure hose in such a manner as to cause soymilk from
2  the floor to splash onto clean production tables.

3        (e)    Defendants do not maintain their facility in a clean and sanitary condition or keep
4  the facility in good repair.  *See* 21 C.F.R. § 117.35(a).  FDA inspectors observed, among other things,
5  peeling paint on the production walls, liquid pooling on the production floor, cracks and chips in the
6  production floor, and black residue on the production walls.

7        (f)    Defendants do not take reasonable measures or precautions related to personnel
8  practices.  *See* 21 C.F.R. § 117.10.  FDA investigators observed, among other things, an employee's
9  wristwatch and arm coming in direct contact with finished food product during packaging, an employee
10 performing maintenance on the tofu press table while it was in use during production, and an employee
11 placing a metal tool on top of a stack of metal pans filled with soybean curds during production.

12       (g)    Defendants do not have adequate sanitary facilities and accommodations.  *See* 21
13 C.F.R. § 117.37.  FDA investigators observed, among other things, an employee-handwashing sink
14 without paper towels or a drying device on several days during the inspection.

15       (h)    Defendants fail to exclude pests from their facility to protect against food
16 contamination.  *See* 21 C.F.R. § 117.35(c).  FDA investigators observed, among other things, winged
17 insects on equipment and portions of the facility's production wall.

18       (i)    Defendants do not train employees in the principles of food hygiene and food
19 safety or have records documenting training of qualified individuals.  *See* 21 C.F.R. § 117.4.

20     17.    Additionally, FDA investigators took eighty-five environmental swabs from Defendants'
21 facility, of which four tested positive for the presence of *L. mono*.  One of the positive swabs came from
22 a food contact surface.  FDA analyzed the positive *L. mono* samples using the Whole Genome
23 Sequencing ("WGS") technique, which allows scientists to precisely characterize the complete genome
24 DNA sequence of bacterial pathogens with high-resolution data that can be used to infer the
25 evolutionary relationships (also known as phylogeny) within a bacterial species.  This allows scientists
26 to determine, with a high degree of certainty, whether two pathogen samples originated from the same
27 source based on their genomic makeup.  WGS is recognized by public health agencies as the molecular
28

Complaint for Permanent Injunction

1   approach having the greatest success and promise for early detection and rapid resolution of bacterial

2   outbreaks associated with contaminated foods.  Using that technique, FDA determined that a specific

3   strain of *L. mono* found within the facility in February 2019 matched the strain of *L. mono* found in the

4   facility during FDA's inspection in September-October 2017.

Prior Inspections

6       18.    FDA also inspected Defendants' facility in September-October 2017 and June 2018.

7       19.    FDA investigators observed numerous inadequate sanitation practices during both the

8   September-October 2017 and June 2018 inspections, and issued a Form 483 (Notice of Inspectional

9   Observations) at the conclusion of each.  The Forms 483s included observations of the same type of

10  deficiencies observed in the February 2019 inspection, including, but not limited to, the following:

11      (a)    Failure to conduct operations under conditions and controls necessary to

12  minimize the potential for food contamination.  In particular, in the 2017, 2018, and 2019 inspections,

13  FDA investigators observed racks of uncovered tofu products coming into direct contact with visibly

14  dirty plastic curtain strips in a doorway;

15      (b)    Failure to clean and sanitize utensils or equipment as frequently and in such a

16  manner as necessary to protect against food contamination; and

17      (c)    Failure to maintain the facility in a clean and sanitary condition and keep it in

18  repair.

19      20.    In addition, FDA detected harmful bacteria in the facility in the September-October 2017

20  inspection.  Specifically, *L. mono* was found in one subsample taken from a cart holding finished tofu

21  product.

**NOTICE OF VIOLATIONS AND DEFENDANTS' RESPONSE**

23      21.    FDA investigators communicated their concerns with Defendants at the conclusion of

24  the 2017, 2018, and 2019 inspections.  Defendants promised to correct deficiencies following each

25  inspection but did not fully complete their promised corrective actions.

26      22.    Following the most recent inspection in 2019, Golden Gate Soy implemented a recall of

27  all hand-packed product within the expiration date of the day they were notified that FDA detected *L.*

Complaint for Permanent Injunction

*mono* in the facility. On March 5, 2019, they submitted a written response to FDA's observations in which they promised to correct each deficiency. The response, however, is inadequate in numerous respects. The company has not addressed the root cause of contamination, has not developed written preventative controls, does not employ anyone with the experience, education or training to oversee such controls, was unable to provide standard operation procedures for sanitation and other crucial functions, and has not shown that it has the knowledge or ability to mitigate the food safety hazards and insanitary conditions FDA has observed.

23. In addition to these factors, the repeated observations from 2017, 2018, and 2019, the detection of harmful bacteria in the facility in the 2017 and 2019 inspections, and Defendants' failure to implement all promised corrective actions demonstrate that they have failed to significantly address the insanitary conditions in their facility and will continue to violate the law unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

I. Permanently restrain and enjoin, under 21 U.S.C. § 332(a), Defendants and each and all of their directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them (including individuals, directors, partnerships, corporations, subsidiaries, and affiliates), who receive notice of the Court's order from, directly or indirectly, violating 21 U.S.C. § 331(k), by doing and causing to be done any act that causes any article of food to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), while such article is held for sale after shipment of one or more of its components in interstate commerce;

II. Order Defendants and each and all of their directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them (including individuals, directors, partnerships, corporations, subsidiaries, and affiliates), who receive notice of the Court's order to cease, directly or indirectly, receiving, processing, manufacturing, preparing, packaging, holding, and distributing any article of food within the meaning of 21 U.S.C. § 321(f), at or from Defendants' facility (and any other or new location at or from which Defendants receive, process, manufacture, prepare, pack, hold, or distribute food), unless

Complaint for Permanent Injunction

and until Defendants bring their operations into compliance with the Act and its implementing regulations to the satisfaction of FDA; and

    III.    Award the United States its costs herein, including the costs of investigation to date, and such other relief as the Court may deem just and proper.

DATED this 13th day of November, 2019.

FOR THE UNITED STATES OF AMERICA:

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

DAVID M. MORRELL
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director

*/s/ Meredith B. Healy*
MEREDITH B. HEALY
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
450 5th Street, NW
Washington, D.C. 20530
Telephone: (202) 532-4883
Facsimile: (202) 514-8742
Email: meredith.b.healy@usdoj.gov

OF COUNSEL:

ROBERT P. CHARROW
General Counsel
U.S. Dep't of Health and Human Services

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
U.S. Dep't of Health and Human Services
ANNAMARIE KEMPIC
Deputy Chief Counsel, Litigation
//
//

Complaint for Permanent Injunction

NOAH T. KATZEN
Associate Chief Counsel for Enforcement
Food and Drug Administration
White Oak 31, Room 4579
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

Complaint for Permanent Injunction

9

JS-CAND 44 (Rev. 07/19)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THE UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See Attachment A

## DEFENDANTS
GOLDEN GATE SOY PRODUCTS, INC., a corporation; YONG LI CHEN, an individual; and LING HONG TANG, an individual

County of Residence of First Listed Defendant   San Francisco County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
See Attachment A

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 490 Cable/Sat TV |
| 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | [X] 890 Other Statutory Actions |
| 210 Land Condemnation | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 891 Agricultural Acts |
| 220 Foreclosure | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 895 Freedom of Information Act |
| 240 Torts to Land | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 896 Arbitration |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other | **OTHER** | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 448 Education | 540 Mandamus & Other | | | 950 Constitutionality of State Statutes |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation Transfer
- [ ] 8 Multidistrict Litigation Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 332(a)

Brief description of cause:
Defendants' food is adulterated under 21 U.S.C. § 342(a)(4) and defendants are therefore violating 21 U.S.C. § 331(k).

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

**DEMAND $**  Permanent Injunction

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*
JUDGE                    DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*   [X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE   [ ] EUREKA-MCKINLEYVILLE

DATE  11/13/2019        SIGNATURE OF ATTORNEY OF RECORD  *Meredith B. Healy*

# ATTACHMENT A

**ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA:**

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

DAVID M. MORRELL
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director

MEREDITH B. HEALY
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
450 5th Street, NW
Washington, D.C. 20530
Telephone: (202) 532-4883
Facsimile: (202) 514-8742
Email:  meredith.b.healy@usdoj.gov

**OF COUNSEL:**

ROBERT P. CHARROW
General Counsel
U.S. Dep't of Health and Human Services

STACY CLINE AMIN
Chief Counsel
Food and Drug Administration
Deputy General Counsel
U.S. Dep't of Health and Human Services

ANNAMARIE KEMPIC
Deputy Chief Counsel, Litigation

NOAH T. KATZEN
Associate Chief Counsel for Enforcement
Food and Drug Administration
White Oak 31, Room 4579
10903 New Hampshire Avenue
Silver Spring, MD 20993-0002

//
//
//
//

| | |
|---|---|
| 1 | **ATTORNEYS FOR DEFENDANTS GOLDEN GATE SOY PRODUCTS, INC., YONG LI CHEN, AND LING HONG TANG:** |
| 2 | |
| 3 | SUZAN YEE<br>TSAO-WU & YEE LLP |
| 4 | 4215 Geary Street<br>San Francisco, CA 94118 |
| 5 | Telephone: (415) 777-1688<br>Facsimile: (415) 777-2298 |
| 6 | Email:  syee@tsaoyee.com |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |